FILED
SUPERIOR COURT
OF GUAM

2021 FEB 18 PM 1:22

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

MICHAEL JASON MENDIOLA

SABLAN,

DOB: 09/27/1976

                 Defendant.

CRIMINAL CASE NO.: CF0315-20

**DECISION AND ORDER**

Re: Defendant's Oral Motion for

Mistrial

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 17, 2021. The People of Guam are represented by Assistant Attorney General Jeremiah B. Luther. The Defendant, Michael Jason Mendiola Sablan ("Sablan"), is represented by Public Defender John P. Morrison. Defendant Sablan was also present. After the Court spoke to the foreperson of the jury during jury deliberations in the above captioned matter, Sablan orally moved for a mistrial. The Court reviewed the arguments presented by both parties, and **GRANTED** the motion from the bench. The Court now issues this Decision and Order memorializing that ruling.

### BACKGROUND

## BACKGROUND

On July 31, 2020, Sablan was charged with: **FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony)**; and **SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony)**. See Indictment (July 31, 2020). A jury trial on the matter began on February 8, 2021, which lasted four (4) days until February 11, 2021. The jury began deliberating on February 12, 2021.

On February 17, 2021, after receiving two juror notes claiming that the jury could not reach a unanimous verdict during the course of deliberations, the Court spoke to the foreperson, who indicated for the second time that the jury was in a deadlock. The Court then called in the jury and read them an Allen Charge instruction, imploring them to continue deliberations.

Two (2) hours later, the Court again spoke to the foreperson, who indicated again, that the jury was in a deadlock. See Minute Entry (Feb. 17, 2021). The Defendant orally moved for a mistrial and the People did not object. *Id.* The Court granted a mistrial from the bench and released the jury. *Id.* The Court now issues this Decision and Order to memorialize that ruling.

## DISCUSSION

"A mistrial is not to be declared unless (1) there is a "manifest necessity" for the discharge of the original proceedings, or (2) "the ends of public justice" would otherwise be defeated. *Arnold v. McCarthy*, 566 F.2d 1377, 1386 (9th Cir. 1978). See also *United States v. Perez*, 22 U.S. 579 (1824). See also *Renteria v. Adams* 526 Fed. Appx 724 (9th Cir. 2013). According to the 9th Circuit, "[c]ourts have isolated a number of significant factors which are useful in determining whether a judge has properly exercised discretion to declare a deadlocked jury." *McCarthy*, at 1387 (9th Cir. 1978). These include: "(1) a timely objection by defendant, (2) the jury's collective opinion that it cannot agree, (3) the length of the deliberations of the jury, (4) the length of the trial, (5) the complexity of the issues presented to the jury, (6) any proper communications which the judge has had with the jury, and (7) the effects of possible exhaustion and the impact which coercion of further deliberations might have on the verdict." *Id.*

Thus, "a jury's inability to reach a decision is the kind of "manifest necessity" that permits the declaration of a mistrial." *Yeager v. United States*, 557 U.S. 110, 118 (2009). Further, "the Supreme Court has never required trial courts to consider 'reasonable

alternatives' to discharging a genuinely deadlocked jury . . . . An impasse is an impasse . . . [and] the only conceivable alternatives present serious risk of coercing jurors." *Harrison v. Gillespie*, 636 F.3d 472, 488 (9th Cir. 2011).

Here, the Defendant gave timely objections. Defendant objected once during the trial; seeking a mistrial during the testimony of Elizabeth Webb. Defendant objected again, and sought a mistrial before the Allen Charge instruction was read to the jury. Finally, Defendant sought a mistrial which was granted as the subject of this order. Next, the jury indicated that it could not agree to a verdict. The jury sent two notes stating their inability to reach a verdict. See Juror Note 2; Juror Note 6. Likewise, the foreperson indicated on two separate occasions, that the jury was unable to come to a unanimous verdict.

Next, the jury has been deliberating for four days while the trial itself only lasted four days. Relatedly, the issues in the trial were not overly complex and ultimately involved primarily the determination of the credibility of the witnesses. Finally, the risk of possible exhaustions of and coercion was great. At least one juror indicated that they may change their mind solely on a desire to stop deliberating and go back to work. See Juror Note 2.

Thus, on the balance of factors, the Court hereby finds that the jury was in deadlock and a mistrial was appropriate. See *Renico v. Lett* 559 U.S. 766 (2010) ("the judge . . . had not abused her discretion in declaring the mistrial, observing that the jury had deliberated a sufficient amount of time following a short, noncomplex trial; that the jury had sent several notes . . . and that the foreperson had stated that the jury could not reach a verdict.")

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendant's Oral Motion for Mistrial. Thus, it is hereby ORDERED that a mistrial be declared.

**SO ORDERED** this __2/18/2021__ .

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_ACr, MOSC_

Date: _2/18/21_ Time: _4:16pm_
_Antonia R. Cruz_
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

CF0315-20, People of Guam v. Michael Jason Mendiola Sablan.       Page 3 of 3
Decision and Order (Re: Defendant's Oral Motion for Mistrial).